IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MOVEMENT MORTGAGE, LLC | ) |
| Plaintiff, | ) Civil Action No.: 3:17-cv-00716-RJC-DSC |
| v. | ) |
| FRANKLIN FIRST FINANCIAL, LTD. and MARK MCDONALD | ) |
| Defendants. | ) |

## ORDER

**THIS MATTER** is before the Court on Plaintiff's "Motion to Remand, or, in the Alternative, for Jurisdictional Discovery" (document #10) and the parties' briefs and submissions.

District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 2003). When diversity of citizenship is disputed, the Court may order discovery directed at jurisdictional issues alone. See e.g., 360 Mortg. Grp., LLC v. Stonegate Mortg. Corp., No. 5:14-CV-310-F, 2015 WL 2408273, at *1 (E.D.N.C. May 20, 2015) (noting that after the case was removed "on the basis of diversity jurisdiction, … the parties engaged in jurisdictional discovery"); Indiantown Cogeneration, L.P. v. Century Coal, LLC, Civ. A. No. 3:09CV398, 2011 WL 3682778, at *1 (W.D.N.C. Aug. 23, 2011) (granting plaintiff's motion to remand and stating that "Indiantown contends that Century's Notice of Removal and subsequent jurisdictional discovery fail to establish complete diversity"); Sun Yung Lee v. Clarendon, 453 F. App'x 270, 273 (4th Cir. 2011) (observing that the parties engaged in jurisdictional discovery prior to "consideration of Lee's motion to remand"); see also SAS Institute Inc. v. World Programming Ltd., 2011 WL

1059139, *5-*7 (E.D.N.C. Mar. 18, 2011) (allowing jurisdictional discovery and noting that such discovery should be allowed "unless plaintiff's claim appears to be clearly frivolous") (quoting Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (allowing jurisdictional discovery) and citing 4 J. MOORE, J. LUCAS & G. GROTHER, MOORE'S FEDERAL PRACTICE, § 26.56(6) (2d ed. 1987)); Howard Acquisitions, LLC v. Giannasca New Orleans, LLC, 2010 WL 889551 at *7 (D. Md. Mar. 5, 2010) (allowing jurisdictional discovery).

Applying those legal principles, the Court concludes that Plaintiff is entitled to conduct limited jurisdictional discovery as outlined below. The jurisdictional facts are disputed here, but should be easily clarified through limited discovery. Accordingly, the Court will <u>grant</u> the alternative relief requested and <u>deny administratively</u> Plaintiff's Motion to Remand without prejudice to its right to renew the Motion following completion of jurisdictional discovery.

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion to Remand, or, in the Alternative, for Jurisdictional Discovery" (document #10) is **GRANTED** as to the alternative relief requested. The parties shall conduct limited jurisdictional discovery with a deadline of April 5, 2018. Discovery shall be confined to the eleven items listed in Plaintiff's Motion related to Defendant McDonald's domicile. See Document #10 at 1-2.

2. Plaintiff's "Motion to Remand" (document #10) is **DENIED ADMINISTRATIVELY WITHOUT PREJUDICE** to its right to renew the Motion following completion of jurisdictional discovery.

3. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: January 31, 2018

David S. Cayer
United States Magistrate Judge