IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00716-RJC-DSC

| | |
|---|---|
| MOVEMENT MORTGAGE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION AND ORDER** |
| ) | |
| MARK MCDONALD AND ) | |
| FRANKLIN FIRST FINANCIAL, LTD., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on "Plaintiff's Renewed Motion to Remand," Doc. 27, filed April 19, 2018, and the parties' associated briefs and exhibits. See Docs. 28, 29, 30 and 31.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's Renewed Motion to Remand be denied as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff brings this action for damages and injunctive relief against its former employee Mark McDonald and McDonald's new employer, Franklin First Financial, Ltd. ("Franklin"). Plaintiff alleges that McDonald, with assistance from Franklin, recruited employees to leave and

follow him to Franklin. The Complaint in this action was filed in Mecklenburg County Superior Court on November 14, 2017.

On December 12, 2017, Defendants removed the state action to this Court on the basis of diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. §1332(a). On December 29, 2017, Plaintiff filed a Motion to Remand this matter to Mecklenburg County Superior Court on the basis that one of Plaintiff's two members is a North Carolina corporation and Defendant McDonald is also domiciled in North Carolina, thus defeating complete diversity. On January 31, 2018, this Court administratively denied Plaintiff's Motion to Remand without prejudice and authorized jurisdictional discovery. The parties have engaged in jurisdictional discovery, including production of documents by both Defendants. Plaintiff also took McDonald's deposition on March 22, 2018.

On April 19, 2018, Plaintiff renewed its Motion to Remand.

## II. DISCUSSION

Subject matter jurisdiction is a threshold issue. Absent a proper basis for subject matter jurisdiction, a case that has been removed must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)).

A case falls within the federal district court's diversity jurisdiction if the amount in controversy exceeds $75,000.00 and diversity of citizenship among the parties is complete—that is, no plaintiff and defendant are citizens of the same state. See 28 U.S.C. § 1332; Wisconsin Dep't., 524 U.S. at 388; Carden v. Arkoma Assoc., 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806). If any plaintiff and any defendant are citizens of the same state, complete diversity is destroyed, and the federal courts lack subject matter jurisdiction under 28 U.S.C. § 1332. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373–74 (1978).

"If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008); see also, Mayfield, No. 3:09-cv-220-MU, 2010 WL 1434298, at * 2 (W.D.N.C. April 6, 2010); UMLIC Consolidated, Inc. v. Spectrum Financial Serv. Corp., 665 F. Supp. 2d 528, 532 (W.D.N.C. 2009).

"The citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." See Rowland v. Patterson, 882 F.2d 97, 98 (4th Cir.1989) (citations omitted); see also Mayfield, 2010 WL 1434298, at * 2 (citations omitted). A limited liability company is a citizen of the place where each of its members are citizens. Gen. Tech. Apps., Inc. v. Exro Ltda., 388 F.3d 114, 121 (4th Cir. 2004). Courts determine the citizenship of a natural person by domicile. See, e.g., Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir. 1998).

"Domicile requires physical presence, coupled with an intent to make the State a home." Johnson v. Advance America, 549 F.3d 932, 937 n. 2 (4th Cir. 2008)(citing Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989)). Courts determine domicile on a case by

case basis, considering all of the circumstances surrounding an individual's status. 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3612 (3d ed. & Supp. 2016). Generally, "domicile is an individual's place of residence where he intends to remain permanently or indefinitely and to which he intends to return whenever he is away." Mayfield, 2010 WL 1434298, at *2 (citing Hollowell v. Hux, 229 F.Supp. 50, 52 (E.D.N.C. 1964)). In determining a person's domicile, courts may consider factors such as "the person's declarations, place of business, payment of taxes, house of residence, driver's license and automobile registration and title, ownership of real and personal property, telephone number and listing, payment for utilities, receipt of mail, and exercise of political rights or satisfaction of the domicile's requirements to register to vote." Id. (citing Janeau v. Pitman Mfg. Co., No. C-C-90-194-V, 1991 WL 538679, at *3 (W.D.N.C. Oct. 25, 1991)).

While no one factor is determinative, some factors carry more weight than others. Id. For instance, the state where an individual is registered to vote raises a presumption that the individual is a citizen of that state, and "the presumption must be rebutted by evidence showing a clear intention that his citizenship is otherwise." Id. (citing Griffin v. Matthews, 310 F.Supp. 341, 343 (M.D.N.C.1969)). Further, a mere change in residence by itself is insufficient to alter one's domicile or citizenship. Janeau, 1991 WL 538679, at *3 (citations omitted)). To effect a change in domicile, an individual "must take up residence in a different domicile with the intent to remain there." Id.

Plaintiff is a limited liability company organized under Delaware law. Plaintiff's two members are Abram's Promise, Inc., a North Carolina corporation, and Harris Covenant, Inc., a Virginia corporation. Therefore, Plaintiff is a citizen of North Carolina and Virginia.

McDonald has been domiciled in Florida since 2004.  He considers Florida his domicile and intends to remain in Florida indefinitely.  His resides in Broward County.  His wife and children temporarily relocated to North Carolina so they could be closer to her family.  She suffers from health problems and McDonald travels frequently for work.  The house in Huntersville, North Carolina is leased solely by Mrs. McDonald.   McDonald testified that he plans to permanently relocate his family to Florida by the summer of 2019.

McDonald maintains his car registration, driver's license and professional mortgage broker license in Florida.  He filed his 2015 and 2016 federal taxes as a Florida resident. His 2017 and 2018 W-4s list a Florida home address.  His credit card bill, student loan and bank account also list a Florida home address.  He testified that he receives no personal mail in North Carolina.  He voted in the 2016 election in Florida six months after his family moved to North Carolina.  He remains registered to vote in Florida.  He also received a summons from a Broward County court to report for jury duty on May 3, 2018. Taken as a whole, the Court finds that McDonald clearly intends his domicile to be Florida.

Movement points to three of McDonald's business ties in support of its claim that he is domiciled in North Carolina: (1) his Employment Agreement with Franklin; (2) Franklin's registration with the North Carolina State Directory of New Hires; and (3) his use of Franklin's Huntersville, North Carolina office.

McDonald's Employment Agreement with Franklin states that he was hired to operate a branch processing support center and telemarketing call center in Huntersville, North Carolina. Franklin has never opened any branch in Huntersville. Franklin's telemarketing call center in Huntersville consists of two employees who support McDonald's Florida sales team. McDonald supervises six locations and thirteen employees in Florida. He only supervises three Franklin

employees in North Carolina. McDonald's interactions with the rest of Franklin's North Carolina team are limited to weekly telephone training sessions which also include Franklin's employees in Florida as well as occasional team building or social activities. The vast majority of McDonald's time is spent supervising six locations and thirteen employees in Florida and developing Franklin's presence there. Furthermore, McDonald is exclusively licensed as a mortgage broker in Florida and has no intent to become licensed in North Carolina. Franklin registered him on the Nationwide Multistate Licensing System as working at its Plantation, Florida location. McDonald typically spends three work weeks out of every month in Florida supervising Franklin's Florida operations. The Court finds that McDonald was hired by Franklin to expand its business in both Florida and North Carolina.

Considering McDonald's intent coupled with his voter registration, driver's license, and professional, financial and personal connections to Florida, the Court finds that McDonald is domiciled in Florida for purposes of this action. Defendants have met their burden of establishing a basis for diversity jurisdiction. Therefore, the undersigned respectfully recommends that Plaintiff's Renewed Motion to Remand be denied.

### III. ORDER

Pursuant to the Court's Order dated February 21, 2018, Doc. 24, regarding the briefing schedule for Defendant's Motion to Dismiss, Doc. 19, the Court orders that Plaintiff's response to Defendants' Motion to Dismiss is due fourteen days after issuance of this Memorandum and Recommendation. Defendants' reply in Support of their Motion to Dismiss will be due seven days thereafter, in accordance with Local Rule 7.1(e).

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Plaintiff's Renewed Motion to Remand," Doc. 27, be **DENIED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: June 11, 2018

David S. Cayer
United States Magistrate Judge